IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SHI YING HUANG,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-25-CV-00730-DB |
| | § | |
| **UNKNOWN NAME**, *Superintendent, ERO* | § | |
| *El Paso Camp East Montana*, et al., | § | |
| Respondents. | § | |
| | § | |

## ORDER TO SHOW CAUSE

On this day, the Court considered the above-captioned case. On December 23, 2025, Petitioner Shi Ying Huang filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Therein, Petitioner asks this Court to "(1) [a]ssume jurisdiction over this matter; (2) [i]ssue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days[;] (3) [o]rder Respondents to immediately release Petitioner on an OSUP[;] (4) [o]rder that Respondents release Petitioner from detention because they lack any individualized evidence that removal of Petitioner will occur in the reasonably foreseeable future[;] (5) [o]rder Respondents to release Petitioner from detention absent an individualized determination by an impartial adjudicator that [her] detention is justified based on danger or flight risk, which cannot be sufficiently addressed by alternative conditions of release and/or supervision[;] (6) [e]njoin Respondents from revoking Petitioner's release unless they have individualized evidence that her removal is reasonably foreseeable[;] (7) [e]njoin Respondents from revoking Petitioner's release without providing her with a determination by an impartial adjudicator that her detention is justified based on danger or flight risk, which cannot be sufficiently addressed by alternative conditions of release and/or supervision, at which hearing Respondents will bear the burden of

proof of demonstrating that Petitioner is a flight risk or a danger to the community[;] (8) [e]njoin Respondents from re-detaining Petitioner without first notifying her of the reasons for the revocation of her release, providing her with an opportunity to rebut those reasons, and providing her with a prompt interview as required by regulation[;] (9) [e]njoin Respondents from re-detaining Petitioner without an authorized official making the determination that her release should be revoked[;] (10) [a]ward Petitioner attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and on any other basis justified under law; and (11) [g]rant any further relief this Court deems just and proper." *Id.* at 11–12. Pursuant to 28 U.S.C. § 2243, "[a] court. . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." The Court therefore issues the briefing schedule outlined herein.

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so,[1] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was

---

[1] *See e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases). The Court also sets an expedited briefing schedule for Respondents to show cause to why Petitioner's writ shall not be granted, as well as all other claims for relief raised in the Petition, ECF No. 1.

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response no later **no later than January 7, 2026.**

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than January 9, 2026.**

SIGNED this **23rd** day of **December 2025**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE